■ In the Matter of the Claim of PILOTE WILLIAMS, Respondent. NEW YORK CITY POLICE DEPARTMENT, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1983, which reopened a prior decision but denied the employer's request to apply the disqualifying condition retroactively.

In July of 1978, claimant, a New York City police officer, allegedly sold cocaine to an undercover police officer. In May of 1979, claimant was indicted, arrested and suspended from his employment by the police department. The department drew charges against claimant, but the disciplinary proceeding was adjourned pending the outcome of the criminal action. Claimant was acquitted of the criminal charges in January of 1980 and the disciplinary matter was resumed. On February 9, 1981, claimant was restored to modified duty pending final disposition of the proceeding. On December 1, 1981, claimant was dismissed.

Soon after he had been suspended in May of 1979, claimant had applied for unemployment insurance benefits. Claimant was ruled eligible for benefits because the department failed to submit sufficient proof of misconduct. The department appealed to the Unemployment Insurance Board, but withdrew its appeal and was granted leave to reopen the decision after the disciplinary matter was concluded.

In December of 1981, after claimant was finally discharged, he filed a second claim for benefits. Such claim was denied on the ground that the discharge was due to misconduct. Subsequently the department moved to reopen the prior decision for the purpose of applying the determination of misconduct to the prior claim for benefits. The Board denied such relief and this appeal ensued.

The Board held that, while it would normally consider itself bound by a determination of misconduct in a disciplinary proceeding, in this case, because of the inordinate delay in completing the disciplinary matter, it would be unfair to apply the determination of misconduct to the earlier claim for benefits. The department argues that the delay was not its fault, but that of claimant. Whether to reopen one of its decisions to apply a subsequent determination of misconduct arrived at in a disciplinary determination is a matter within the discretion of the Board (12 NYCRR 463.6 [a]). In this case, the Board's decision not to apply the determination of misconduct to a decision rendered over two years previous thereto can hardly be said to be an abuse of discretion.

The department also argues, for the first time on this appeal, that during the initial period of suspension, claimant was not "totally unemployed" because he had not yet been finally discharged. This argument depends on the particular facts of the case, such as the rights and duties of claimant during the suspension. Since this argument was not raised below, the record is not developed sufficiently to determine this issue. Therefore, this argument cannot be raised on this appeal, but is more properly the subject of a motion to the Board to reopen.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.